UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SACRAMENT COLLECTIVE PENTECOSTAL CHURCH, INC,

Plaintiff,

v.

COUNTY OF SANTA CRUZ, et al.,

Defendants.

Case No. 19-cv-02729-PJH

**ORDER STAYING CASE**

Re: Dkt. No. 13

Defendants County of Santa Cruz, Santa Cruz County Human Services Department, and Santa Cruz County Sheriff's Department's motion to stay came on for hearing before this court on July 10, 2019. Plaintiff Sacrament Collective Pentecostal Church, Inc. did not file an opposition to the motion and did not appear at the hearing. Defendants appeared through their counsel, Aerin Murphy. Having read the papers filed by defendants and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, for the reasons stated at the hearing and for the following reasons.

**BACKGROUND**

Plaintiff filed the complaint originating this action in the Superior Court of Santa Cruz County, California. See Compl., Dkt. 1-1. The complaint appears to state three causes of action, all related to the allegation that defendants impermissibly discriminated against plaintiff based on its religious practices: (1) Cal. Civ. Code § 52.1 for violation of Article 1, Section 4 of the California Constitution; (2) violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, et seq.; (3) 42 U.S.C.

§ 1983 for violation of the First Amendment to the United States Constitution.[1] See generally Compl.

Plaintiff is a non-profit religious corporation with a branch in San Jose. Id. ¶¶ 1, 15. It uses cannabis as a sacrament, and it stores cannabis at certain members' homes. Id. ¶¶ 16–17. On March 14, 2019, officials from the Sheriff's Office and Human Services Department arrested church members and seized cannabis and currency stored at their home. Id. ¶ 18. Plaintiff's allegations appear to be that defendants' actions were impermissible because plaintiff's dealings with marijuana are protected from government interference.

The underlying raid at issue in this case also led to two currently-active criminal matters in state court, and another open investigation that will likely lead to a third state action. People v. Corinna Reyes, Santa Cruz Superior Court Case No. 19CR03157 and People v. Davide Berti, Santa Cruz Superior Court Case No. 19CR03158, both relate to the conduct underlying this case—the seizure of cash and marijuana at 191 Station Ranch Road, Scotts Valley, California, on March 14, 2019. The criminal complaints contain identical counts against Reyes and Berti: (1) Possession of Marijuana for Sale, in violation of California Health and Safety Code section 11359, (2) Cultivating Marijuana, in violation of California Health and Safety Code section 11358(c), and (3) Sale or Transportation of Marijuana, in violation of California Health and Safety Code section 11360(a). See Dkts. 15-1, 15-2.

Reyes is the Chief Executive Officer and Founder of Sacrament Collective Pentecostal Church, Inc. Dkt. 15-5. Berti is Reyes's spouse, the church's Chief Financial Officer, and owner of the property where the seizure took place. See Dkts. 15-5, 15-6.

There is also an active welfare fraud investigation regarding the same address, stemming from a search of the property that took place at the same time as the search that resulted in the seizure of the cannabis and currency. That open, ongoing

---

[1] The complaint lists an additional cause of action which appears to only be a request for a remedy. Compl. at 9–12.

2

1 investigation also directly relates to the facts underlying this action.

2 On May 20, 2019, defendants removed this action to federal court. Dkt. 1; see
3 also Dkt. 3 (certificate of service). On May 29, 2019, defendants filed a motion to stay
4 this action. Dkt. 13. Plaintiff's opposition or statement of non-opposition was due June
5 12, 2019. Plaintiff has not filed an opposition or statement of non-opposition to
6 defendants' motion to stay, in violation of this court's local rules. See Civ. L.R. 7-3(b).

**DISCUSSION**

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55; see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1105 (9th Cir. 2005) (it is within a district court's discretion to grant or deny such a stay).

In determining whether it should exercise its discretion to grant a stay, the court should consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55). Additionally, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979).

The court finds that a stay is appropriate in this case. The court foresees no damage which may result from granting a stay, and plaintiff has not argued otherwise. Additionally, the orderly course of justice overwhelmingly supports staying the action. There are multiple, substantially-related criminal actions proceeding in state court that should proceed prior to this action because, among other reasons, they are likely to

3

simplify issues in this case, including evidentiary issues.  It appears likely that the other proceedings will be concluded within a reasonable time, and plaintiff does not argue otherwise.

**CONCLUSION**

For the foregoing reasons, the court hereby STAYS this action pending resolution of the aforementioned criminal proceedings.  Defendants SHALL NOTIFY THE COURT within 30 days of the resolution of each criminal case.

**IT IS SO ORDERED.**

Dated:  July 12, 2019

PHYLLIS J. HAMILTON
United States District Judge